## WOODWARD, GRAYBILL & CO. v. F. SHUMPP.

### ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 25, 1888—Decided May 21, 1888.

1. While one who engages to perform a hazardous work, will ordinarily be held to have accepted the risks incident to it, yet, if the master, by any negligent act not involved in nor reasonably incident to the work, cause his servant to receive a personal injury, he is responsible therefor, in the absence of evidence that the negligence of the servant otherwise contributed thereto.

2. In an action by an employee against his employer for negligence, the plaintiff must show a case resulting exclusively from the negligence of the defendant; yet, when the measure of care which he ought to have exercised shifts with the circumstances, or has been varied by an act of his employer, the jury alone can determine whether the plaintiff was guilty of contributory negligence.

Before PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; GORDON, C. J., and TRUNKEY, J., absent.

No. 4 July Term 1887, Sup. Ct.; court below, No. 431 August Term 1885, C. P.

On August 19, 1885, an action in case for negligence was brought by Felix Shumpp against Charles R. Woodward, John D. Graybill and John G. Bobb, trading as Woodward, Graybill & Co., Limited. The plea was, not guilty.

At the trial on January 18, 1887, testimony was introduced by the plaintiff from which it appeared: On August 24, 1883, the plaintiff, then in the employ of the defendants who were engaged in the coal, grain and forwarding business, in Carlisle,

was directed by Mr. Bobb, one of the defendants, to assist him in shifting a car upon a track of the Cumberland Valley R. Co., which runs east and west by the defendant firm's place of business. A horse was attached by the plaintiff to the west end of the car, while Mr. Bobb ascended to the roof and managed the brake. The car was thus moved westward to a certain point, when the brake was applied, the car stopped and the plaintiff directed to move the horse and attach him to the east end of the car, which was to be moved some distance eastward upon another track. The plaintiff loosed the horse and moved him by the south side of the car, to and upon the track at its east end, Mr. Bobb remaining at the brake at the west end. As the horse was about to be attached, Mr. Bobb loosed the brake and the car started eastward. The plaintiff, still trying to attach to the car, drove the horse eastward, trying with his right hand to attach the hook to the car-bumper, and holding the line with his left hand. Going in this manner for fifty or sixty feet, calling several times to Mr. Bobb to stop the car, his left foot became fastened between a guard-rail and the north rail of the track, and, the car continuing in motion, he tried to throw his body outside the track, but his foot remained fastened and his left leg was crushed between his ankle and knee. Railroad iron lay piled up at the side of the track at the place of the accident. On cross-examination of the plaintiff, in his case in chief, it appeared that he had been helping in the shifting of the cars as long as he had worked around the warehouse, over twenty years, and knew it was dangerous to try to hook a car when it was moving.

The plaintiff having closed his case, the defendants moved the court to direct a compulsory nonsuit for the reason that the plaintiff had not offered such evidence as justified a verdict in his favor, being by his own statement an employee of the defendants, and at the time of the accident in discharge of a duty which was a part of that for which he was employed; and it further appearing that he was, by his own showing, guilty of contributory negligence in going before a moving car and in remaining there when he had an easy way of avoiding all danger.

By the court: Our view is about this : This motion raises this question, did the plaintiff act as an ordinarily prudent man,

with a like relation existing between him and the defendant, and under like circumstances, would have avoided? If he did not do so, and his failure to do so contributed to the injury, he was guilty of contributory negligence. If he did act as an ordinarily prudent man, situated as he was, would have acted, then we do not think he would be guilty of contributory negligence. The fact that we may conceive that the plaintiff in the light of subsequent results might have acted in a manner by which this injury would have been avoided, does not alter the case. It does not clearly appear to us, from the evidence already submitted, that the plaintiff did not act as an ordinarily prudent man would have acted, like situated, and therefore we would not be justified in taking this question from the jury. The motion for a nonsuit is overruled.[1]

At the close of the case on the testimony, the court, SADLER, P. J., charged the jury and answered the points presented as follows:

Points on the part of the plaintiff:

1. If the jury believe that the injury to Felix Shumpp resulted from the negligence of John G. Bobb, the plaintiff is entitled to recover, and the verdict should be against all the defendants.

Answer: If you find that the plaintiff's injuries were caused by the negligence of John G. Bobb alone, he is entitled to recover.

2. If the jury believe that John G. Bobb released the brake from the car before the plaintiff had succeeded in attaching his horse to the car, and that the plaintiff exercised all the care that a reasonable and prudent man could, while endeavoring to carry out the instructions of his employer, and the motion of the car was caused by the release of the car brake, and the downward grade of the road, then the plaintiff is entitled to recover.

Answer: Affirmed, unless you find that the plaintiff was negligent in going upon the track for the purpose of attaching the horse.

3. If the jury believe from the evidence in the case that Felix Shumpp, the plaintiff, went with the horse on the railroad track in the honest pursuit of his employment under Woodward, Graybill & Co., the defendants, and in obedience

to the command of Mr. Bobb, one of the defendants, who was his master and employer and who ordered him to do the work, and in the honest belief as a prudent and cautious man that while the employment was dangerous but not so much as to threaten immediate injury, but that it was reasonably probable that he could safely do so with the exercise of prudence and caution, and he did exercise the prudence and caution of a reasonable man, and by the negligent conduct of Mr. Bobb in the management of the brakes of the car Mr. Shumpp was injured, and could not have been injured except for such negligent conduct of Captain Bobb, then the verdict should be for the plaintiff.

Answer: Affirmed, if you find the facts to be as stated in this point.[2]

Points on the part of the defendants:

1. The evidence of the plaintiff shows that he was in the employ of the defendants; that at the time of the accident he was doing work which he had been employed to do, and which for many years he had been in the habit of doing, and with the risks and dangers of which he was well acquainted, and, if his own testimony be believed, he stepped in front of a moving car, and put himself and remained in an extra hazardous position; and that the direct cause of the accident was the want of care on his own part in watching his footsteps, and that this want of care was due to the distraction caused by his knowledge of his danger, and by watching and guarding against the extra danger of a moving car which he could have avoided; under these circumstances he cannot recover, and the verdict should be for the defendants.

Answer: We cannot affirm this point as stated, but refer to you for determination, the question whether the accident of the plaintiff was in any degree due to a failure on his part to exercise reasonable and ordinary care. If the accident was not due alone to the negligence of Mr. Bobb, and was contributed to in any degree by the plaintiff he is not entitled to recover.[3]

2. If the court should decline to affirm the first point, then if the jury believe that the plaintiff knew the danger of the position he assumed in front of a moving car and attempted to hook the horse to it, and continued in that dangerous posi-

tion for a distance of some 60 feet until his foot caught in the guard rail, and that he had ample time while passing over that distance to move outside of the railroad tracks, then his conduct was not that of an ordinarily careful and prudent man, and he cannot recover in this action.

Answer: If the jury find the facts to be as stated in this point, and further find that the plaintiff was negligent in assuming the position that he did in front of the car, then we instruct you that he would not be entitled to recover in this action.[4]

3. The plaintiff must show that the proximate or immediate cause of the accident was the negligence of John G. Bobb alone, and if the jury believe that the carelessness or negligence of Shumpp contributed in any way to the injury, or that the accident was due even in a slight degree to the want of proper care on the part of Shumpp, then the verdict must be for the defendants.

Answer: Affirmed.

We charge you generally: On the 24th day of August, 1883, the plaintiff was seriously injured on the Cumberland Valley Railroad, a short distance west of this, Carlisle, borough. It appears he was in the employ of the defendants, and being requested by one of them, followed him to the warehouse of the said railroad company and procured a car for the use of their firm; that while on the errand, and while an effort was being made to put a car on the siding, the accident happened which caused the harm to Mr. Shumpp. It passed over the lower part of his left leg, crushing it so that it had to be amputated, and the other one was so hurt that a considerable portion of the integument had to be removed from a portion of it near the foot. The plaintiff was confined to the house for three or four months, about two of them being spent in his bed, and his capacity to earn wages has been largely reduced. A wooden leg has been substituted for the lost one. He charges that the harm thus came to him was the result of negligence on the part of Captain Bobb, one of the defendants, this negligence consisting in the loosening of a brake before the horse was attached to the car, and in not heeding calls to stop it after plaintiff found that he was unable to fasten the hook to the car, and he seeks in this action to recover damages on account thereof. . . . .

The defendants do not deny that the plaintiff was hurt as stated by him, but they insist that it was not the result of any negligence on the part of any member of their firm, but that the accident was the result of a misfortune due to the want and exercise of proper care on the part of the plaintiff, for which they would not be responsible; and they further insist that upon the showing of the plaintiff himself and the witnesses called in his behalf, as well as by those who testified on the part of the defendants, that he was guilty of negligence which contributed to the accident. You will most carefully keep in mind and review the testimony submitted to you in this case. Much of it is in direct conflict and utterly irreconcilable as to the causes which produced the accident and the conditions surrounding the occurrence. The negligence of Captain Bobb, as affirmed by the plaintiff, is specifically denied by the defendants. If Mr. Bobb and his witnesses state what is the truth in the case, there can be no recovery.

Now, here is your first inquiry. What is the truth? And in making this inquiry it is proper to keep in view the fact that the burden is upon the plaintiff. He has instituted this action to recover money from the defendants. He must establish his right to recover, before a jury would be justified in finding in his favor. The burden is upon him, therefore, to satisfy you by the weight of the evidence that he is so entitled, otherwise your verdict should be for the defendants. If the injury was not caused to him by the negligence of Mr. Bobb, then, however much you may pity him, you would not be justified in assessing damages upon the defendants on account of the same.

There is another most important matter, in our opinion, for your consideration in this case, and that is the one of contributory negligence. If you should find that Mr. Bobb was negligent and loosened the brakes, and thus caused the car to start before the horse was attached, or negligently failed to hear the calls of the plaintiff to stop the car after it had started, as insisted upon by him, then inquire if the injury suffered was due to the negligence of Mr. Bobb alone, or was it the result, as well, of negligence on part of the plaintiff, because, if the latter contributed to it in any degree, however slight, the law will not permit him to recover damages on

account of the same. Where a misfortune would not have happened to a man except for his own fault, or where it could have been avoided by the exercise of ordinary caution on his part, he is not entitled to recover from another, although the other may have contributed to it even in a much greater degree than the injured one.

The exercise of ordinary care is required of plaintiff as well as defendants, and what is ordinary care is to be judged by the nature of the business or employment. What would be ordinary care in the discharge of a duty where there is no dangerous risk to person or life incident to it, might be gross carelessness when such risk and danger did exist. The care and prudence demanded must in this particular case, as in all others, be graduated by the character of the risks and hazard of the business in which the parties were engaged.

[If Mr. Shumpp was, therefore, negligent in assuming the position he did in front of the car, then the injury which subsequently befell him was contributed to by himself, and he would have no redress against these defendants; but if he, in the line of his employment, and in obedience to the general direction of the defendants to assist in moving the car, undertook a duty which was not such as would not or should not have been undertaken by an ordinarily prudent and cautious person, then he was properly before the car, and if through the negligence of Mr. Bobb, and without default of his own, he was injured, the defendants are responsible, even if under the excitement caused by an apparent danger to his person he did not act with the same deliberation and judgment which should have controlled his action under other circumstances.][5]

It is also proper here to state that this action is founded upon the alleged negligence of Mr. Bobb committed while at the western end of the car, and that your inquiry should be so limited; that the plaintiff knew Mr. Bobb was not on the front end of the car, and with this knowledge he attempted to attach the horse to it, and he cannot now complain that the former was not in charge of the brake at the end to which he attempted to fasten the horse. The law is that if one in the service of another suffers an injury by the negligent acts of the employer, the latter is responsible in damages. It is not

the character of the employment which determines the liability, but the fault of the master. When a man engages to do hazardous work, he takes the risks which are attached thereto, but if hurt comes to him from the negligent acts of the one who hired him, he has the right to be compensated in damages, and this is so whether the business is a risky one or not. It is also true that a firm is legally responsible for the negligent conduct of one of its members which results in an injury to a person employed by it, and engaged in the discharge of the business of the firm. . . . . .

The verdict of the jury was in favor of the plaintiff for $800. Judgment being entered, the defendant firm took this writ, assigning for error:

1. The refusal of the motion for a compulsory nonsuit.[1] *

2. The answer to the plaintiff's third point.[2]

3, 4. The answers to the defendants' first and second points.[3] [4]

5. The part of the charge embraced in [ ] [5]

*Mr. S. Hepburn, Jr.* (with whom were *Mr. R. M. Henderson, Mr. John Hays* and *Mr. J. Webster Henderson*), for the plaintiffs in error:

We have from the evidence of the plaintiff himself, in his case in chief, that he had assisted in shifting cars for over twenty years; that he had been in the habit of walking in front of a moving car and that he knew it was dangerous. With this knowledge and experience, he stepped in front of a moving car and walked in front of it, knowing it to be dangerous, but trying to hitch his horse to the car while in motion, until his foot caught in the guard-rail and the accident occurred.

1. "It is well settled that in a case of undoubted evidence of clear negligence, it is the duty of the court to pronounce it such, as a matter of law: Penn. R. Co. v. Ogier, 35 Pa. 60; Catawissa R. Co. v. Armstrong, 52 Pa. 282; P. & C. R. Co. v. McClurg, 56 Pa. 294. If, however, there is no doubt as to

---

*Is the refusal to order a nonsuit assignable as error? See Bavington v. Railroad Co., 34 Pa. 358; Pownall v. Steele, 52 Pa. 446; U. S. Telegraph Co. v. Wenger, 55 Pa. 262; Mobley v. Bruner, 59 Pa. 481; Lehman v. Kellyman, 65 Pa. 489; Ballentine v. White, 77 Pa. 20; Easton Borough v. Neff, 102 Pa. 474.

the acts committed, yet if there be substantial doubts as to the inferences to be drawn from these acts, they should be submitted to the jury: Penn. R. Co. v. Barnett, 59 Pa. 259; Johnson v. Bruner, 61 Pa. 58:" Per Mr. Justice MERCUR, in McKee v. Bidwell, 74 Pa. 223. The same principles are sustained by P. & R. R. Co. v. Heil, 5 W. N. 91; Penn. R. Co. v. Fries, 87 Pa. 234; Baker v. Fehr, 97 Pa. 70; Hoag v. Railroad Co., 85 Pa. 297; Gerety v. Railroad Co., 81 Pa. 277; P. W. & B. R. Co. v. Stinger, 78 Pa. 225; Cauley v. Railway Co., 98 Pa. 498; Wannamaker v. Burke, 111 Pa. 423; West Mahanoy Tp. v. Watson, 112 Pa. 574; Neslie v. Railway Co., 113 Pa. 300; Scranton City v. Hill, 102 Pa. 378; C. & A. R. Co. v. Hoosey, 99 Pa. 492; Crawford v. Stewart, 19 W. N. 48; Moore v. Railroad Co., 108 Pa. 553; North. Cent. R. Co. v. Husson, 101 Pa. 10.

2. An employer does not impliedly guarantee the absolute safety of his employee. In accepting an employment the latter is assumed to have notice of all patent risks incidental thereto, or of which he is informed, or of which it is his duty to inform himself, and is assumed to undertake such risks: Sykes v. Packer, 99 Pa. 465. In Oil City Gas Co. v. Robinson, 99 Pa. 1, it was ruled that a civil engineer was presumed to know the dangerous nature of illuminating gas, its power to penetrate the earth, and its explosive character when mixed with common air; and as he knew the gas was escaping and would find its way into an adjoining sewer, it was contributory negligence for him to enter the sewer with a lighted lamp. Contributory negligence in any degree will prevent recovery in an action for damages: Monongahela City v. Fischer, 111 Pa. 9.

*Mr. F. E. Beltzhoover* and *Mr. J. M. Weakly*, for the defendant in error:

1. Although the plaintiff was an actor in the act which resulted in his injury, whether he exercised due care under the circumstances, is a question for the jury. He must show a case clear of contributory negligence, a case resulting exclusively from the negligence and wrong of the defendant; but when the measure of care which he ought to have exercised shifts with the circumstances, or, where the care which ought to have been exacted from an employee, has been varied by

the conduct of his employer, the jury alone can determine whether he negligently performed his duty : Lee v. Woolsey, 109 Pa. 124.

2. The care to be exacted of the plaintiff is just that which laborers of ordinary prudence would exercise under like circumstances ; and, if the plaintiff did exercise it, his action will not be defeated on the ground of concurrent negligence ; and where a servant, in obedience to the requirement of the master, incurs the risk of machinery, which, though dangerous, is not so much so as to threaten immediate injury, or where it is reasonably probable it may be safely used by extraordinary caution or skill, in such case the master is liable for a resulting accident: Patterson v. Railroad Co., 76 Pa. 394. The same rule has been followed and approved in a large number of states : Railroad Co. v. Bayfield, 37 Mich. 205 ; Hawley v. Railroad Co., 82 N. Y. 370 ; Beach, Contrib. Neg., §§ 132, 135 ; Whart. Neg., § 219.

3. The surrounding circumstances, and the whole conduct of the plaintiff in reference thereto, will ordinarily afford ground for such a variety of inferences as to make the verdict of a jury the only proper means of determining the essential fact. However indicative of carelessness the circumstances may seem to the court, if there be any evidence upon which it is competent for the jury to find that reasonable care was in fact exercised, it is proper to submit it to them: Mayo v. Railroad Co., 104 Mass. 142 ; Schall v. Cole, 107 Pa. 1 ; Goodfollow v. Railroad Co., 106 Mass. 462 ; Snow v. Railroad Co., 90 Mass. 441 ; Hough v. Railroad Co., 100 U. S. 213 ; Cunard Co. v. Carey, 119 U. S. 245 ; Penn. R. Co. v. Ogier, 35 Pa. 60 ; Catawissa R. Co. v. Armstrong, 52 Pa. 282 ; Penn. R. Co. v. Barnett, 59 Pa. 263 ; Penn. R. Co. v. Peters, 116 Pa. 206.

OPINION, MR. JUSTICE CLARK :

It is contended by the counsel for Woodward, Graybill & Co., Limited, that the admitted facts of this case exhibit clear contributory negligence on the part of Felix Shumpp ; that the case should not have been submitted to the jury, but the court should have given specific and binding instructions to find for the defendants. The first and second points submitted by the defendants' counsel were doubtless intended to raise

this question in the court below, and, as they were refused, we will consider the case as if the points were in this precise form. A brief reference to the facts is necessary to a complete understanding of the case. In the recital of the circumstances under which the injury was received, we, of course, assume the proof of the plaintiff's testimony, as it is upon this theory of the case the defendants contend the plaintiff cannot recover.

Woodward, Graybill & Co. were, in the year 1883, engaged in the coal, grain, and forwarding business in Carlisle. John G. Bobb was a member, and Felix Shumpp an employee of the company. On the 24th of August, of that year, Bobb called upon Shumpp to assist him in shifting a car from the side track to the main track of the Cumberland Valley Railroad Company, for some purpose connected with the business of the defendants. Shumpp, by Bobb's direction, hitched a horse to the west end of the car and hauled it up the grade to a point above the switch, where the brake was applied. The horse was then unhitched and driven to the east end of the car to pull it back on the main track. Whilst the horse was between the rails, and before Shumpp could attach the chain to the bull-nose of the car, Bobb loosened the brake, and the car, impelled by its own gravity, started slowly down the grade; Shumpp, holding the line in his left hand, attempted to attach the chain to the car with the right; the horse was a spirited animal and he did not succeed. He called repeatedly to Bobb to stop the car, but the brake was not applied, and after advancing fifty feet or more in the effort to hitch the horse, his left foot became fastened between the guard rail and the north rail of the track; the car came upon him, and cut and crushed his left leg so that amputation became necessary.

It is undoubtedly true, as a general proposition, that one who places himself on the track in front of a moving railroad car assumes a place of known danger, and will ordinarily be supposed to accept the peril and risk to which he thus recklessly subjects himself. It is equally true where he engages to perform a hazardous work he takes the risks incident thereto: Rummell v. Dilworth, 111 Pa. 343; P. & R. R. Co. v. Hughes, 119 Pa. 301; but if the master, by any negligent act not involved in or reasonably incident to that work, causes his servant to receive a personal injury, he is responsible therefor, if

the servant did not otherwise contribute to the result. When Shumpp placed himself in front of this car he did so by the direction of Bobb, his employer, and had no reason to suppose that the brake would be lifted until he had completed the connection with the car. Before this could be done, however, the car was set in motion, and he was obliged to regulate the movements of his horse, observe the approach of the car, watch his opportunity to connect the hook with the car, and have regard for his own safety, all at one and the same time. He had committed himself and the horse to the space in front of the car on the track, whilst the brakes were on, and the car standing still; and it was the negligent act of Bobb which put the car in motion before Shumpp was prepared for it. There were piles of railroad iron and other obstructions at the side of the track, which prevented him from leaving it, and as the car advanced towards him he was obliged to keep out of its way, under all the embarrassments stated.

If these facts are true, can it be pretended that the court would have been justified in saying, as matter of law, that Shumpp was guilty of negligence? The rate of speed at which the car was moving, the nature and extent of the obstructions at the side of the track, the spirit and conduct of the horse, and the manner in which the plaintiff conducted himself throughout the transaction were all matters to be considered in arriving at a conclusion on the question of contributory negligence. The plaintiff, as we said in Lee v. Woolsey, 109 Pa. 124, must in all cases "show a case clear of his concurrent negligence, a case resulting exclusively from the negligence and wrong of the defendant; but when the measure of care which he ought to have exercised, shifts with the circumstances, or when the care which ought to be exacted from an employee has been varied by his employer, the jury alone can determine whether he negligently performed his duty."

We are of opinion that the case was one for the determination of the jury, and that it was fairly submitted.

The judgment is affirmed.