EUGENE E. FREDENBURG, Respondent, v. THE NORTHERN
CENTRAL RAILWAY COMPANY, Appellant.

Plaintiff, a switchman employed in defendant's yard at E., while
engaged in coupling cars stepped into a cattle-guard and was injured.
In an action to recover damages, it appeared that the cattle-guard was
near scales where defendant weighed its cars, and the cars, when
pushed from the scales, passed over it; it had been there for several
years, and no injury, so far as appeared, had resulted from it.
Plaintiff had been in defendant's employ three days. The accident
happened in the evening. Plaintiff had a lighted lantern and was
directed to couple a car just pushed from the scales with one that
had preceded it ; the ends of the two cars which he sought to couple
were over the cattle-guard; he stepped into it and the injury resulted.
Plaintiff's duties had not previously called him to the place in question.
*Held*, the fact that the location of the cattle-guard was at a place where
cars, when weighed, were habitually coupled, imposed upon defendant
the duty to use care to make that place reasonably safe for its employes;
and the evidence authorized a finding that defendant, in permitting the
cattle-guard to remain in that place in the condition it was, failed to per-
form its duty to its employes, and so was chargeable with negligence;
also, that the evidence justified a finding that plaintiff had no knowledge
of the cattle-guard, and was not guilty of negligence in failing to observe it.

(Argued June 11, 1889; decided June 25, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an
order made July 1, 1886, which affirmed a judgment in favor
of plaintiff, entered on a verdict.

The nature of the action and the material facts are stated
in the opinion.

*Diven & Redfield* for appellant. Plaintiff was bound to
make himself acquainted with the situation and the duties of
the occupation he voluntarily assumed. (*De Forest* v. *Jewett*,
88 N. Y. 264.) The permanent, necessary and visible con-
struction of switches, cattle-guards and things of that nature,
necessarily affecting the safety of brakemen in the perform-
ance of their ordinary work, are things they must learn by the

exercise of observation, and must not wait to be told of them by those who acquired knowledge in the same way. (*Robinson* v. *C., R. I. & P. R. R. Co.*, 71 Iowa, 102; 32 N. W. Rep. 193.)

*H. Austin Clark* for respondent. It was negligence in the defendant to suffer this excavation, hole or cattle-guard at this place where they required plaintiff to couple cars. (*Rummell* v. *Dilworth, Porter & Co.*, 3 East. Rep. 821; *Stringham* v. *Stewart*, 100 N. Y. 516; *Pantzar* v. *T. F. I. M. Co.*, 99 id. 368; *Benzing* v. *Steinway*, 5 N. E. Rep. 449.) The questions were of fact for the jury. (*Cook* v. *N. Y. C. R. R. Co.*, 1 Abb. Ct. App. Dec. 432; *Mehan* v. *S. B. & N. Y. R. R. Co.*, 73 N. Y. 585; *Plank* v. *N. Y. C. & H. R. R. R. Co.*, 60 id. 607; *Gibson* v. *Erie R. Co.*, 63 id. 449; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521.)

BRADLEY, J. The action was founded upon the alleged negligence of the defendant, and brought to recover damages for personal injury suffered by the plaintiff while in the service of the defendant. The plaintiff had been in such service three days as switchman in the defendant's yard at Elmira, N. Y., and then while engaged in coupling cars his arm was crushed, and, as the consequence, was amputated. The evidence warranted the conclusion that the injury was caused by his stepping into a cattle-guard, where he was proceeding to couple cars. And the charge of negligence against the defendant is made upon the fact that it had put and maintained, as it had, the cattle-guard at that place. It was near the scales where the defendant weighed its cars, and on and over it the cars passed when pushed from the scales after being weighed. On this occasion the defendant was engaged in weighing cars. And when the weight of one was taken, that car was shoved off and at the same time another placed on the scales by the movement of the engine at the other end of the train. In that manner cars were displaced from and placed upon the scales until the weighing of those of the train put there for

that purpose was completed. When the second one was shoved from the scales the plaintiff was directed to go and couple it with the car which preceded it. This he was proceeding to do when he received the injury. The ends, which he sought to couple, of the two cars were over the cattle-guard, which he stepped into and fell. And it must here be assumed that this was the cause of the injury. His arm was caught between the bumpers of those approaching cars and crushed. When the plaintiff entered into the defendant's employment he assumed the usual hazards of the service and such risks as were apparent to observation. (*Gibson* v. *Erie R. Co.*, 63 N. Y. 449.)

But the duty was with the defendant to use reasonable care in providing suitable means, appliances and structures with a view to the safety of its employes, and that they might not unnecessarily be exposed to danger of injury in the service. The use of cattle-guards are essentially proper for recognized purposes at some places on railroads. The question has relation to the location and situation of this one. It had been there for several years. And although it had been usual to couple over it cars as they came from the scales, no injury, so far as appears, had resulted from it. The fact that the location in question was the place where cars, when weighed, were commonly and habitually coupled, imposed upon the defendant the duty to use care to make that place reasonably safe for that service of its employes. The description given of this structure was such, as to enable the jury to say, that it was liable to put in danger of injury a person proceeding to couple cars there without the caution which knowledge of it would enable him to exercise. And upon the evidence the finding of the jury was warranted that the defendant, in permitting the cattle-guard to remain at that place in the condition which it was, had failed to perform its duty to its employes, and was chargeable with negligence. But that did not render the defendant liable to the plaintiff if the cattle-guard was obvious or known to him at the time in question. (*De Forrest* v. *Jewett*, 88 N. Y. 264; *Appel* v. *B., N. Y. & P. R. R.*

*Co.*, 111 id. 550.)   The occurrence was in the evening; it was then dark; and although the plaintiff had a lighted lantern, the evidence permitted the jury to find that he had no knowledge up to that time of the cattle-guard, and that without any negligence on his part he did not observe it at the time he attempted to couple the cars upon the occasion when he received the injury.   It is urged that the plaintiff was bound to make himself acquainted with the situation presented by the various structures about the yard and their condition.   It is quite true that his duty was to use due diligence to familiarize himself by observation with the structures and their situation and condition in the yard with a view to his own safety in the performance of his duty and for the protection of himself against injury.   But his recent entrance into the service, and the fact that his duties hitherto had not called him to the place in question, enabled the jury to find that his failure to escape the injury, was not attributable to any want of diligence on his part in that respect.   The case seems to be within the doctrine of *Plank* v. *New York Central and Hudson River Railroad Company* (60 N. Y. 607).   The exception to the denial of the motion for nonsuit was, therefore, not well taken.   And the questions of fact presented by the evidence were properly submitted to the jury.

The judgment should be affirmed.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.