SMITH *v.* NEW YORK, N. H. & H. R. CO.

*(Superior Court of New York City, General Term.*  November 3, 1890.)

INJURY TO SERVANT—DANGEROUS PREMISES—NEGLIGENCE.
     Plaintiff, a brakeman, was directed to uncouple cars from a train which was running too swiftly to enable him to make the cut as they passed him, and he therefore ran after them, intending to get up on the platform of the car to do the uncoupling.  It was dark, and just as plaintiff was about to get on the car he collided with the handle of a switch stand, and was injured.  The switch stand was

unlighted, and not in use. The testimony as to the time during which it had not been used varied from four weeks to six months. Plaintiff had been employed in defendant's yard two weeks, and testified that he did not know of the existence of the stand. *Held*, that a refusal to charge, as matters of law, that defendant had the right to maintain the switch in the position it was at the time of the injury, and did not owe any duty to plaintiff to remove the stand, did not constitute error.

Appeal from trial term.

Action by George T. Smith against the New York, New Haven & Hartford Railroad Company. There was a verdict for plaintiff for $500. From the judgment entered thereon defendant appeals.

Argued before FREEDMAN and TRUAX, JJ.

*Page & Taft*, for appellant. *Thomas P. Wickes*, for respondent.

FREEDMAN, J.   The defendant, by stipulation, has waived all exceptions appearing in the record except the exceptions taken to the refusal to dismiss the complaint, both at the close of plaintiff's case and the close of the whole case, and to the charge of the court and the refusals to charge otherwise. The exceptions so remaining raise the question whether, under the circumstances of the case, there is any liability whatever on the part of the defendant. The action is for a personal injury alleged to have been sustained in consequence of the negligence of the defendant. In every such case the plaintiff must prove that he was wholly free from contributory negligence on his part, and that the injury complained of was the result of defendant's negligence, exclusive of any other primary cause. Upon the question of plaintiff's contributory negligence the case was clearly one for the jury upon the evidence, and the instructions given to the jury upon this point carefully guarded every right which the defendant had. This branch of the case is so free from doubt that discussion in detail is wholly unnecessary. But the charge of negligence made against the defendant presents a grave question. At the time of the injury, which occurred at about a quarter before 6 in the afternoon of the 20th of December, 1888, at the Harlem river freight yard of the defendant, the plaintiff had been employed as a car coupler and brakeman in said yard for only about two weeks. The plaintiff then and there received an order by means of a signal to make a cut, *i. e.*, to uncouple a car from other cars, upon a train of cars which was being moved in the yard. The plaintiff was then standing upon the ground, and the cars were moving so swiftly that he was unable to make the cut as they passed him. He therefore ran after them in order to get hold of a handle attached to one of the cars, and in this way to get up on the platform of the car. He evidently intended to do the uncoupling while standing on the platform of the car, since he could not do it safely from the ground. It had become dark, and the plaintiff held a lantern in his left hand out in front of him, and about on a height with his shoulder, so that he could see the handle by which he intended to raise himself up to the platform. He had his right hand up, ready to catch the handle, and just as he was in the act of grasping it he came into collision with the handle of a switch stand. The handle ran into his leg and he was seriously injured. The switch stand was not in use at the time, and useless in the condition it was. The defendant, at the trial, admitted that the rails to which the switch was attached were spiked, so that the switch could not be used. As to the length of time during which the switch stand had not been used the testimony of witnesses varied from four weeks to six months. The yard covered many acres of ground, and in it were upwards of 16 miles of railroad tracks. There were also quite a number of switch stands, some of which were at the time in question lighted, while others were not. The switch stand in controversy was not lighted, and plaintiff testified that he did not know of its existence. The trial judge charged, at defendant's request, that the defendant did not owe to the plaintiff the duty to light the switch in question, or to take him to the switch stand and point it out to him.

The only thing, then, left upon which negligence could be predicated was the maintenance of the switch stand in the position it was at the time, with its handle projecting and the rails spiked, and the question was submitted to the jury as one of fact under all the circumstances of the case. This disposition of the question was in accordance with the decisions in *Plank* v. *Railroad Co.*, 60 N. Y. 607, and *Fredenburg* v. *Railway Co.*, 114 N. Y. 582, 21 N. E. Rep. 1049. That being so, the refusal to charge that, as matter of law, the defendant had the right to maintain the switch in question in the position in which it was at the time of the accident, and the refusal to charge that, as matter of law, the defendant did not owe to the plaintiff any duty to remove the switch stand in question, did not constitute error. Nor was it error to refuse to dismiss the complaint. The exception remaining available to the defendant under the stipulation referred to having been found to be untenable, the judgment and order should be affirmed, with costs.