(9 Misc. Rep. 98.)

### CIELFIELD v. BROWNING et al.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

1. APPEAL—WAIVER OF ERRORS—REFUSAL TO DISMISS COMPLAINT.
     Error in the refusal to dismiss the complaint as bad in substance is waived by failure to object to evidence in its support.

2. PRACTICE IN CIVIL CASES—NONSUIT.
     It is error to nonsuit, or to dismiss a complaint as unsupported by the evidence, if, taking the evidence in its most favorable aspect for the plaintiff, and conceding him all the inferences it imports, the jury would be authorized to find the facts necessary to his recovery.

3. MASTER AND SERVANT—INJURIES TO SERVANT.
     A master is responsible to his servant for an injury the servant sustains from a defect in the building where he works, which the master knew, or might have known by the exercise of ordinary care.

4. SAME—RISKS ASSUMED.
     A servant assumes the risk of only such defects in the building as he knew, or might have known by the exercise of ordinary care.

5. SAME—QUESTION FOR JURY.
     When the servant does not know of the defect, whether he assumed the risk of it is a question for the jury.

(Syllabus by the Court.)

Appeal from trial term.

Action by Lenora Cielfield against Fannie Browning and another to recover for injuries caused by a defect in the building in which plaintiff was employed to work. The complaint was dismissed at the close of plaintiff's case, and plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Gilbert D. Lamb, for appellant.
S. P. Nash, for respondents.

PRYOR, J. The sufficiency of the complaint is not in controversy. After denial of the motion to dismiss, defendants made no objection to evidence in support of the complaint, but silently proceeded with the trial. Tooker v. Arnoux, 76 N. Y. 397, 401.

In reviewing a judgment upon a nonsuit, "plaintiff's theory in respect to the facts, so far as they are supported by the evidence, must be deemed to be established; and where inferences are to be drawn, not in themselves certain and incontrovertible, it is for the jury, and not for the court." McNally v. Insurance Co., 137 N. Y. 390, 394, 33 N. E. 475. So, "if, in any view of the evidence, a verdict might have been rendered for the plaintiff, or if there were questions of fact which might have been determined for the plaintiff, and which, if determined in his favor, would have entitled him to recover, the case should not have been taken from the jury." Pratt v. Insurance Co., 130 N. Y. 206, 212, 29 N. E. 117. Emphatically, in an accident case, "negligence is a question of fact; and, where the inferences to be drawn from the proof are not certain and incontrovertible, it cannot be decided as a question of law, by directing a verdict or nonsuit, but must be submitted to the jury." Thurber v. Railroad Co., 60 N. Y. 326. And, "to justify a nonsuit on the ground of contributory negligence, the negligence must appear so clearly that no construction of the evidence or inference from the facts will warrant a contrary conclusion." Stackus v. Railroad Co., 79 N. Y. 464.

The question, then, is whether, upon the aspect of the evidence most favorable to the plaintiff, the jury might not have found the facts of the defendants' negligence and the plaintiff's nonnegligence. The respondents insist that at the time of the accident the appellant was their employé. Conceding to them the advantage of this position, the evidence is abundant to show that the plaintiff sustained the injury by a fall from a platform or stairway leading into her apartment; that the cause of her fall was the absence of a railing round this platform, or other safeguard; that this defect had existed for a month or more; that the defendants' agent was about the premises two or three times a week. Whatever may be the law elsewhere, in this jurisdiction "a master is responsible to his servant for injuries received by the latter from defects in the building in which the services are rendered, which the master knew or ought to have known." Ryan v. Fowler, 24 N. Y. 110; Buzzell v. Manufacturing Co., 77 Am. Dec. 212, note 218; Railroad Co. v. Swett, 92 Am. Dec. 206, note 213; Woodward v. Shumpp, 6 Am. St. Rep. 716, note 719 (Pa. Sup.) 14 Atl. 378; Smith v. Car Works, 1 Am. St. Rep. 542, note 548 (Mich.) 27 N. W. 662.

Plaintiff's injury was from a defect in the building, of which she was janitress; and the evidence authorizes the inference that the defendants knew, or should have known, of the defect. Upon the

proof the jury might well have found the fact of the defendants' negligence. The appellants contend, however, that by accepting service in the building the plaintiff assumed the hazards of its condition. Such, undoubtedly, would be the legal implication, were the defect known to the plaintiff, or had she opportunity to know it by the exercise of reasonable care. Gibson v. Railroad Co., 63 N. Y. 449. But the proof is positive that she was ignorant of the defect, and the circumstances of her one previous visit to the place, in the twilight, and for five minutes, when her attention "was not called to it in any way," were such as to warrant the jury in the conclusion that she was not negligent in failing to observe the defect. Fredenburg v. Railroad Co., 114 N. Y. 582, 585, 21 N. E. 1049, and citations supra. The only negligence imputed to the plaintiff being the failure to notice the defect, the question was for the jury, and the nonsuit was error. Schwandner v. Birge, 33 Hun, 186; Clarke v. Holmes, 7 Hurl. & N. 944; Hill v. Railroad Co., 109 N. Y. 239, 16 N. E. 61. The adjudication on which appellants rely—Seymour v. Maddox, 16 Adol. & E. (N. S.) 326—is repudiated by our court of appeals. Ryan v. Fowler, 24 N. Y. 410, 415. We are clear that the case was for the jury, and that the court erred in dismissing the complaint. Judgment reversed, and new trial awarded; costs to abide event. All concur.