ROBERT McCARTHY, Respondent, v. GEORGE S. EMERSON, Appellant.

*Negligence — injury to a hod carrier while carrying a hod up a plank from striking the hod against the floor timbers of the story above him — obvious risk, assumed.*

In an action brought to recover damages for personal injuries it appeared that the defendant was a mason and builder who was constructing a brick building; that the walls of the building had been erected to a point above the second story; that the first floor had been laid and that the floor timbers for the second floor had been placed in position; that the distance between the first floor and the bottom of the floor timbers of the second floor was eleven feet nine and one-half inches; that the defendant was also engaged in erecting a brick elevator shaft within the building and that the walls of the shaft had been completed to a point about eight or ten feet above the first floor; that a scaffold had been erected about the elevator shaft which consisted of three platforms, the inner one for the use of the masons laying the wall, the outer one for the use of the mason's helpers, and the center one, which was higher than the other two, being used to hold the materials supplied by the hod carriers; that the outer platform was six feet seven inches above the floor of the first story and that access was had thereto by means of planks placed with one end resting upon the floor of the first story and the other end resting upon the platform; that the distance between the top of the outer platform and the bottom of the floor timbers of the second floor was five feet two and one-half inches; that on the day of the accident the plaintiff, who was an experienced hod carrier in the defendant's employ, attempted to carry a hod of brick up one

of the planks which was so placed that it ran at right angles with the overhead timbers; that while so doing, his hod struck against one of the timbers, causing him to fall from the plank and to sustain injuries.

The plaintiff was five feet eight or nine inches tall and the hod on his shoulder extended six inches above his head. He testified that he did not look up at the overhead timbers while walking up the plank, although he knew that every step he took brought him nearer to such overhead timbers. It further appeared that the plaintiff might have used one of the other planks if he so desired.

*Held*, that the danger of striking the overhead timbers was an obvious one, the risk of which the plaintiff assumed, and also that the plaintiff had been guilty of contributory negligence.

APPEAL by the defendant, George S. Emerson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 5th day of February, 1902, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 13th day of February, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Peter A. Delaney*, for the appellant.

*R. A. Parmenter* and *George B. Wellington*, for the respondent.

CHASE, J. :

The plaintiff has been employed as a hodcarrier for twelve or fifteen years. The defendant is a mason and builder. Plaintiff had worked for the defendant as a hodcarrier for several months prior to the accident. In September, 1899, the defendant was engaged in the erection of a brick building in Troy. The walls of the building had been erected to a height above the second story. The first floor had been laid, and the floor timbers had been placed across the building for the second floor, and the floor thereon was being laid. The distance between the first floor and the bottom of the floor timbers of the second floor was eleven feet nine and one-half inches. Defendant was also erecting a brick elevator shaft within said building, and the walls thereof were completed to the height of eight or ten feet above the first floor. A scaffold such as is in common use had been erected about the said elevator shaft. It consisted of three platforms ; the inner one for the use of the masons in laying the wall, the outer one for the use of the masons' helpers, and the center one which was higher than the other two, was used to hold the

brick and other materials that it was the duty of the hodcarriers to carry for the use of the masons. The outer platform was six feet seven inches above the floor of the first story. Three planks, twelve or fourteen inches in width and eighteen or twenty feet long, were placed so that one end of each rested upon the floor and the other end upon said platform. One of these planks was so placed as to run at right angles with the floor timbers of the second floor. The distance between the top of the outer platform and the bottom of the floor timbers of the second floor was five feet two and one-half inches. The space through which the hodcarriers had to pass to take materials to the masons, therefore, was five feet two and one-half inches, less the thickness of the plank on which they traveled. The plaintiff was five feet eight or nine inches in height, and a loaded hod on his shoulder extended six inches above his head. On the morning of the eighteenth of September, plaintiff was mixing mortar in the cellar when he was called by defendant's foreman and directed to assist in carrying brick to the masons engaged in laying the walls of the elevator shaft. Plaintiff took a hod and filled the same with brick, and started up the plank that was so placed at right angles to the floor timbers, and while going up said plank, his hod struck against one of the timbers and he fell from the plank and received the injuries for which this action is brought. Plaintiff testified in regard thereto : "I did not see the overhead timbers when I started to walk up the plank ; I did not look up to see them before I started to walk up the plank ; I put the hod on my shoulder and started up the plank up to the masons to give them some stuff ; I did not look up ; I did not look at the overhead timbers or floor above this runway before I picked up my hod or put my hod on my shoulder. I saw the masons working on the elevator shaft when I was on the floor but I never noticed anything above or any place else. * * * Q. You knew, of course, that when you walked along this inclined plank every step was bringing you nearer to those overhead timbers, didn't you ? A. Yes, sir, any one would imagine that. Q. No doubt about that at all ? A. No, sir, no doubt about that ; any man would imagine that."

Plaintiff had good eye-sight and it was admitted on the trial that "Everything was open and visible, including the elevator shaft and runway."

Hodcarriers not only use such runways as they like, but frequently change them about to suit their own convenience. Plaintiff could have used one of the other runways if he had desired to do so. There was but one scaffold to which the brick was being carried. Other workmen used the runway from which the plaintiff fell, and saw and avoided the timbers.

In the erection of walls within a building it is apparent that the necessary scaffolding, as it is raised from time to time to accommodate the bricklayers, must so approach the timbers and flooring that an unobstructed space cannot at all times be left for the helpers. The situation must become more and more contracted until the walls are of such a height that they can be reached from the floor above. The very nature of the work necessarily brings the workman into many places that are contracted and peculiar to the particular piece of work.

It is not necessary for us to consider whether the plank was a "mechanical contrivance" within the meaning of the Labor Law (Laws of 1897, chap. 415 § 18) for the reason that the danger of which the plaintiff complains was an obvious one.

The Labor Law does not permit an employee to shut his eyes against an obvious risk. The Court of Appeals in *Knisley* v. *Pratt* (148 N. Y. 372) say: "We are of opinion that there is no reason in principle or authority why an employee should not be allowed to assume the obvious risks of the business as well under the Factory Act * as otherwise."

An employee is required to exercise his faculties and use his senses in connection with his work, and cannot heedlessly perform his work and then, if he is injured when ordinary prudence would have prevented the injury, claim damages from his employer who had no better opportunity to see the danger than had the employee himself. (See 20 Am. & Eng. Ency. of Law [2d ed.] 114; *Fredenburg* v. *N. C. R. Co.*, 114 N. Y. 582.)

This is a case where the danger was open, obvious and plain to any one at a glance. It would have been known to the plaintiff had he used the slightest prudence. The plaintiff, instead of familiarizing himself by observation with the structures and their situation

---

* Laws of 1886, chap. 409, § 12, as amd. by Laws of 1890, chap. 398.—[Rep.

and condition (*Fredenburg* v. *N. C. R. Co.*, *supra*), admits that he went up the plank without the slightest care and without even looking up. Considered as an obvious risk, or with reference to plaintiff's contributory negligence, a recovery should not be sustained.

A person who utterly fails to use that prudence which the situation and circumstances require, is guilty of contributory negligence as a matter of law. (*Piper* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 224; *Albring* v. *N. Y. C. & H. R. R. R. Co.*, 46 App. Div. 460.)

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

PARKER, P. J., SMITH and KELLOGG, J. J., concurred; CHESTER, J., not sitting.

Judgment and order reversed and a new trial granted, with costs to appellant to abide event.