(77 App. Div. 562.)

## McCARTHY v. EMERSON.

(Supreme Court, Appellate Division, Third Department. December 12, 1902.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—
   EVIDENCE.

   Plaintiff, a hod carrier, was walking up a plank in a building, with a hod of material to deliver on a scaffold. There was not sufficient space between the top of the incline and the overhead joist to enable plaintiff to walk upright, and the hod struck against one of the timbers, causing plaintiff to fall from the plank. Plaintiff testified that he did not look up to see the overhead timbers before he started to walk up the plank, but that, if he had looked, he could have seen there was danger of striking the timbers. *Held*, that plaintiff was guilty of contributory negligence.

Appeal from trial term, Rensselaer county.

Action by Robert McCarthy against George S. Emerson. From a judgment in favor of plaintiff, and from an order denying a motion to set aside the verdict of the jury and for a new trial on the minutes, defendant appeals. Reversed.

Argued before PARKER, C. J., and KELLOGG, SMITH, and CHASE, JJ.

Delaney & Potter (Peter A. Delaney, of counsel), for appellant.

R. A. Parmenter (George B. Wellington, of counsel), for respondent.

CHASE, J. The plaintiff has been employed as a hod carrier for 12 or 15 years. The defendant is a mason and builder. Plaintiff had worked for the defendant as a hod carrier for several months prior to the accident. In September, 1899, the defendant was engaged in the erection of a brick building in Troy. The walls of the building had been erected to a height above the second story. The first floor had been laid, and the floor timbers had been placed across the building for the second floor, and the floor thereon was being laid. The distance between the first floor and the bottom of the floor timbers was 11 feet 9½ inches. Defendant was also erecting a brick elevator shaft within said building, and the walls thereof were completed to the height of 8 or 10 feet above the first floor. A scaffold, such as is in common use, had been erected about the said elevator shaft. It consisted of three platforms,—the inner one for the use of the masons in laying the wall; the outer one for the use of the masons' helpers; and the center one, which was higher than the other two, was used to hold the brick and other materials that it was the duty of the hod carriers to carry for the use of the masons. The outer platform was 6 feet 7 inches above the floor. Three planks, 12 or 14 inches in width and 18 or 20 feet long, were placed so that one end of each rested upon the floor and the other end upon said platform. One of these planks was so placed as to run at right angles with the floor timbers. The distance between the top of the outer platform and the bottom of the floor timbers was 5 feet 2½ inches. The space through which the hod carriers had to pass to take materials to the masons therefore was 5

¶ 1. See Master and Servant, vol. 34, Cent. Dig. §§ 710, 718.

feet 2½ inches, less the thickness of the plank on which they traveled. The plaintiff was 5 feet 8 or 9 inches in height, and a loaded hod on his shoulder extended 6 inches above his head. On the morning of the 18th of September plaintiff was mixing mortar in the cellar, when he was called by defendant's foreman, and directed to assist in carrying brick to the masons engaged in laying the walls of the elevator shaft. Plaintiff took a hod, and filled the same with brick, and started up the plank that was so placed at right angles to the floor timbers, and while going up said plank his hod struck against one of the timbers, and he fell from the plank, and received the injuries for which this action is brought. Plaintiff testified in regard thereto:

"I did'nt see the overhead timbers when I started to walk up the plank. I did'nt look up to see them before I started to walk up the plank. I put the hod on my shoulder, and started up the plank,—up to the masons, to give them some stuff. I did'nt look up. I did'nt look at the overhead timbers or floor above this runway before I picked up my hod or put my hod on my shoulder. I saw the masons working on the elevator shaft when I was on the floor, but I never noticed anything above or any place else. * * * Q. You knew, of course, that when you walked along this inclined plank every step was moving you nearer to these overhead timbers, did'nt you? A. Yes, sir; any one would imagine that. Q. No doubt about that at all? A. No, sir; no doubt about that. Any man would imagine that."

Plaintiff had good eyesight, and it was admitted on the trial that "everything was open and visible there, including the elevator shaft and runway." Hod carriers not only use such runways as they like, but frequently change them about to suit their own convenience. Plaintiff could have used one of the other runways if he had desired to do so. There was but one scaffold to which the brick was being carried. Other workmen used the runway from which the plaintiff fell, and saw and avoided the timbers. In the erection of walls within a building it is apparent that the necessary scaffolding, as it is raised from time to time to accommodate the bricklayers, must so approach the timbers and flooring that an unobstructed space cannot at all times be left for the helpers. The situation must become more and more contracted until the walls are of such a height that they can be reached from the floor above. The very nature of the work necessarily brings the workman into many places that are contracted and peculiar to the particular piece of work. It is not necessary for us to consider whether the plank was a "mechanical contrivance," within the meaning of the labor law, for the reason that the danger of which the plaintiff complains was an obvious one. The labor law does not permit an employé to shut his eyes against an obvious risk. The court of appeals, in Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, say:

"We are of the opinion that there is no reason in principle or authority why an employé should not be allowed to assume the obvious risks of the business as well under the factory act as otherwise."

An employé is required to exercise his faculties and use his senses in connection with his work, and cannot heedlessly perform his work, and then, if he is injured when ordinary prudence would have prevented the injury, claim damages from his employer, who had no better opportunity to see the danger than had the employé himself. See 20 Am. & Eng. Enc. Law (2d Ed.) p. 114; Fredenburgh v. Railroad

Co. 114 N. Y. 582, 21 N. E. 1049, 11 Am. St. Rep. 697. This is a case where the danger was open, obvious, and plain to any one at a glance. It would have been known to the plaintiff had he used the slightest prudence. The plaintiff, instead of familiarizing himself by observation with the structures and their situation and condition (Fredenburgh v. Railroad Co.), admits that he went up the plank without the slightest care, and without even looking up. Considered as an obvious risk, or with reference to plaintiff's contributory negligence, a recovery should not be sustained. A person who utterly fails to use that prudence which the situation and circumstances require, is guilty of contributory negligence as a matter of law. Piper v. Railroad Co., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560; Albring v. Railroad, 46 App. Div. 460, 61 N. Y. Supp. 763.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.