The judgment appealed from should be reversed, and there should be judgment in favor of the defendant, dismissing the complaint, with costs. All concur.

---

(3 App. Div. 448.)

### MARTIN v. SECOND AVE. R. CO.

(Supreme Court, Appellate Division, First Department. . April 10, 1896.)

1. JUDGMENT—EVIDENCE—SUFFICIENCY.
  A judgment on a verdict will not be interfered with where there is any evidence to sustain it.

2. CARRIERS—NEGLIGENCE—BURDEN OF PROOF. .
  In an action for personal injuries, after plaintiff has proved that the accident was caused by a sudden movement of a car from which she was alighting, it is incumbent on defendant to prove that it was not responsible for the happening of that movement.

3. SAME—CONTRIBUTORY NEGLIGENCE.
  Where a car has stopped for the purpose of permitting its passengers to alight, and is standing perfectly still, it is not negligence, as a matter of law, for a person to step off it, without retaining hold of supports.

Appeal from superior court of New York City, trial term.

Action by Abby S. Martin against the Second Avenue Railroad Company for personal injuries. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

P. Merrill, for appellant.
I. D. Warren, for respondent.

VAN BRUNT, P. J. This action was brought to recover for personal injuries sustained by the plaintiff, who claims to have fallen while alighting from one of the defendant's cars on the 8th day of August, 1893. The plaintiff and her daughter took one of the defendant's cars at Eighty-Second street and Second avenue, to go to the ferry at Ninety-Ninth street. It was an open summer car, with seats running across it, and with a board or step extending the entire length of the car. When the car arrived at Ninety-Sixth street, at which the depot of the defendant is situated, the conductor announced that passengers going to Harlem should take the forward car, as the car upon which the plaintiff was did not go any further. The plaintiff testified:

"As I was not going to Harlem, I did not make any special haste, but got up, and, after most of the passengers had stepped off the car, my little daughter stepped off, and I followed her. I stepped down onto the platform which ran along the side of the car, and a sudden jerk, I should call it,—I don't know what other word would express it,—I felt as if I were pushed, and I was thrown that way to the right, going down upon the bottom of my hand. * * * When the car gave that start I was on the platform, * * * just about to step down onto the ground. * * * I think it was the horses that started the car. I did not see what started the car. * * * Just previous to the time when I fell, the car was jerked, and pitched me off."

She could not tell how far the car had been moved,—whether it was three inches, or more, or less.

Upon the part of the defendant the conductor of the car in question testified that, after the car stopped, it did not move until after the plaintiff fell; that he had just stepped from the rear platform, and was going along the easterly side of the car when the plaintiff fell over towards him; that he could not see what made her fall,—did not see her stumble or do anything; that as soon as she alighted she fell over on her right side. The driver of the car says that, from the time when he stopped to discharge his passengers until his car was taken into the car house to be housed for the night, the car did not move, and that he did not start to go into the car house until after the accident. The transfer clerk, who was standing beside the car giving transfer tickets to passengers, says that he saw the plaintiff fall when she was about five feet away from him, and that she fell as she stepped upon the ground, and that there was no movement of the car at the time. The conductor of the car following stated that his car came up behind the car upon which the plaintiff was, while the passengers were getting off; that he went up from his car to see whether the switch was right, and had got abreast of the car in question when the plaintiff fell, and that there was no jerk or other movement of the car. The driver of the following car witnessed the accident from the front platform of his own car, and he testifies that the car did not move at or about the time of the accident. A patrolman for the Commercial Cable Company, who was looking after the conduit of the cable company in the street, says that he saw the car come up and stop, and the plaintiff fall; and he swears, also, that the car was standing still, and that there was no jerk.

Upon this state of the evidence the jury found a verdict in favor of the plaintiff. We do not see that such conclusion can be interfered with. It is urged upon the part of the appellant that the only person who testified that the car moved or jerked says that she did not see what started it. The car having stopped, and the passengers being called upon to alight, if, in the act of alighting, the plaintiff was thrown from the car by a jerk of the car, it was necessary for the appellant to prove that it was not responsible for the happening of that movement in order to absolve itself from liability. It was not incumbent upon the plaintiff to say what caused the jerk. It was negligence upon the part of the appellant to allow the car to move while the passengers were in the act of alighting.

There was some evidence given that there were handles which people could take hold of in getting down from the car, and some claim appears to have been made that it was negligence on the part of the plaintiff to let go of the handle in getting down. But the evidence seems to be that a party alighting could not hold this railing without turning entirely round, and getting off backwards. It is not negligence, as matter of law, for a person to get off a car which is perfectly still, and which has stopped for the purpose of permitting its passengers to alight, without holding fast to a handle.

There do not seem to be any exceptions in the case which need especial mention. The objection raised in respect to the question

as to whether the plaintiff's injuries would be lasting or not, was not sufficiently specific to call the attention of the trial court to the particular infirmity which is now complained of.

We think the judgment should be affirmed, with costs. All concur.