(115 App. Div. 71)

## BAUER v. EMPIRE STATE DAIRY CO.

(Supreme Court, Appellate Division, Second Department.   October 12, 1906.)

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

> Evidence, in an action for injuries to an employé falling off a platform used by the employer in the conduct of his business because of it being insufficiently lighted, examined, and *held* not to support a finding of freedom from contributory negligence essential to a recovery.
>
> Woodward and Rich, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Charles H. Bauer against the Empire State Dairy Company.   From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Frederick Hulse, for appellant.

C. D. Rust, for respondent.

HOOKER, J.   The plaintiff has had a verdict in this action of negligence.   He was the servant of the defendant, and claimed, under the employers' liability act, that the defendant was guilty of negligence in directing him to go upon a certain platform used by it in the conduct of its business, when the platform was not sufficiently lighted, and in failing and neglecting to provide sufficient light where the plaintiff was required to perform his duties.   From the judgment entered upon the verdict, and from an order denying a motion for a new trial, the defendant appeals to this court.

The defendant was engaged in the business, among others, of distributing milk, and, as necessary and convenient to the conduct of that business, maintained a building on the southwest corner of Broadway and Hayward street, in the borough of Brooklyn.   Extending southward from this building, along the westerly side of Hayward street, was a platform 3½ or 4 feet wide, 30 to 40 feet long, and about 4 feet above the ground, against which milk wagons were placed for the convenient loading and unloading of cans and boxes.   The southwest corner of this platform was somewhat cut away, so as to allow vehicles which desired to load or unload on the westerly side of the platform to come in from Hayward street and cut the corner conveniently, without fear of colliding with a sharp angle at the southwest corner of the platform.   A week or two before the accident the plaintiff, a man about 60 years of age, applied for a position, but was not around the premises sufficiently long to become acquainted with the arrangement of the building and platform.   On the night before the accident, having been sent for, he reported at the defendant's place of business and was directed to return and go to work early in the morning.   He did so, and was engaged during the day of the evening on which he was hurt in various occupations around the building, and testifies, and the jury has believed him, that he was not upon the platform, and did not observe its shape or size.   About 6 o'clock in

the evening of the 28th of January, 1903, after most of the men had gone home, he asked the superintendent if there was anything more to be done, and was by him directed to go upon this platform and bring up a couple of boxes that appeared to be standing near its southerly end. These boxes were designed to hold milk bottles, and were apparetly about a foot wide and two or three feet long. There is little dispute as to the fact that the platform was very poorly lighted, and except for a light in the main building, which might shine somewhat through a door leading to the platform, the scene was illuminated by a single gas jet some considerable distance from the place where the boxes stood. Although there were electric light and gas fixtures in plenty along and over the platform, which could have been easily lit, they were not burning. It is evident that the light was so faint that the plaintiff had some difficulty in observing the locality and the exact presence and location of the boxes themselves. He says he walked south on the platform, near the wall on its easterly side, discerned the outline of the boxes towards the south end of the platform, and when he approached them assured himself of their location by touching them with his foot. He then laid hold with his left hand of one end of a box that rested on top of another, and, as he was reaching around in a general southerly direction with his right hand to grasp the other end of the box, his foot slipped off the edge of the platform, and he fell westerly to the ground below and sustained serious injuries. It does not appear exactly how far from the southerly end of the platform these boxes stood. In his direct examination the plaintiff says he thought they were 4 or 5 feet away, but finally admitted that was a mere guess and he did not know. Nowhere else in the evidence is their exact location disclosed.

In his brief the respondent seeks to impress the fact that the plaintiff slipped and fell off that part of the platform which rounded or was somewhat cut away at its southwesterly point; but there is no proof of that fact, nor is there proof of how far from its extreme southerly point this platform was cut away, and hence we are, as the jury must have been, unable to do more than speculate as to the exact part of the platform from which the plaintiff fell. We are persuaded that the plaintiff has failed to meet the burden imposed upon him of showing affirmatively that he was free from contributory negligence. Assuming, for the sake of discussion, that the defendant was negligent in not providing more light, it is to be noticed that the plaintiff has not testified to any caution or care exercised after laying hold of the box with his left hand. It is quite apparent that there is sufficient evidence from which the jury might have found that he was in the exercise of care in proceeding along the platform to where the boxes rested; but he did not sustain his injuries in reaching the boxes, but rather while engaged in the business of removing one from the place where it stood. He knew it was dark. He knew that he was ignorant of the exact dimensions and conformation of the platform. Under these circumstances he should, of course, have exercised a degree of care commensurate with the conditions and his ignorance. The evidence fails to disclose the exercise of any care on his part, or of any conduct from which the jury were justified in finding that he exercised care

while he was in the act of lifting this box, such as trying to discern the limits of the platform, locating it with his foot as he had the place of the boxes, or assuring himself in any other way that it was safe for him to step or move to the westerly side of the box and reaching with his right hand to grasp the other end of the box he was attempting to lift. He knew that the place on which he was working was a mere platform and had a westerly edge, from which one might fall to the ground below; for he had during the day seen wagons loading and unloading there, had from a distance observed carpenters in the act of repairing a floor, and in walking south on the platform just prior to the accident had kept well to the easterly side thereof. Under the circumstances he was required to exercise some care. The evidence does not disclose that he exercised any, and from the state of the record the jury were not justified in finding that he was not guilty of negligence which contributed to his injuries.

The judgment must therefore be reversed, and a new trial granted, with costs to abide the event.

JENKS, J., concurs. GAYNOR, J., concurs in result. WOOD-WARD and RICH, JJ., dissent.