"No phenol, commonly known as carbolic acid, shall be sold at retail by any person in the city of New York, except upon the prescription of a physician, when in a stronger solution than 5 per cent."

It was conceded on the trial, by the defendant's attorney, that no druggist has a right to furnish such acid of a stronger solution than 5 per cent., unless accompanied by the prescription of a doctor. But, aside from such prohibition of the Sanitary Code, we do not think there can be any doubt that it is an act of negligence for a druggist, when asked for a solution to wash a wound, to sell a preparation of such a dangerous character as was furnished in this case.

On the question whether the act of the clerk is chargeable to the defendant there is little room for doubt. The general rule is that an act done by the servant in the prosecution of the business that the servant was employed by the master to do is chargeable to the master. Cosgrove v. Ogden, 49 N. Y. 255, 10 Am. Rep. 361; Schultz v. Third Ave. R. R. Co., 89 N. Y. 242. That this rule applies in the case of the preparation and sale of drugs has been held in this and other states. Thomas v. Winchester, 6 N. Y. 409, 57 Am. Dec. 455; Norton v. Sewall, 106 Mass. 143, 8 Am. Rep. 298. In the former of the two cases just cited the defendant was held liable for injuries flowing from the act of his assistant in business in putting up belladonna, labeled as "dandelion," which, through the medium of several intermediate dealers, was ultimately sold to the plaintiff and used by her, to her serious injury.

It is suggested by the appellant that the plaintiff was guilty of contributory negligence, but we see no ground for any such contention. The plaintiff had a right to suppose that the defendant and his employés would perform their duty with care, and, when applied to for some solution to wash a wound, that they would furnish something, if not efficient, at least harmless, and was warranted in applying it without further inquiry.

The judgment should be affirmed, with costs. All concur.

---

(53 Misc. Rep. 571)

### KLEIN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. April 10, 1907.)

1. APPEAL—REVIEW—EVIDENCE—PRESUMPTIONS.

   Where the complaint was dismissed on plaintiff's evidence alone, the testimony is entitled on appeal, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3748.]

2. TRIAL—QUESTIONS FOR JURY.

   In an action for personal injuries caused by starting a car from which plaintiff was alighting, where plaintiff established prima facie that he was free from contributory negligence and that the defendant was negligent in starting the car as it did, it was error to dismiss the complaint.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Rubin Klein against the New York City Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Irving I. Kremer, for appellant.

James L. Quackenbush, for respondent.

PER CURIAM. This action was brought by the plaintiff to recover damages sustained by him by reason of the carelessness and negligence of the defendant company in negligently operating a surface car upon which the plaintiff was a passenger. The testimony offered on behalf of the plaintiff is that of himself and two witnesses. At the close of plaintiff's case the defendant moved that the complaint be dismissed, and the court granted the motion to dismiss, to which plaintiff duly took exception. The plaintiff's counsel then requested that the question of negligence be submitted to the jury, which request was denied, and to which denial, plaintiff took exception. The court then awarded judgment to the defendant, dismissing the complaint.

As the complaint was dismissed on plaintiff's evidence alone, the testimony on the trial is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom. The uncontradicted testimony of the plaintiff is substantially as follows, viz.: On the 1st day of August, 1906, he was a passenger on one of defendant's cars, proceeding in a northerly direction along Avenue B, in the city of New York. When the car reached the corner of Second street and Avenue B, he wanted to alight therefrom, and requested the conductor to stop the car. The conductor signaled to the motorman, and the car did stop and came to a standstill at that corner, and as plaintiff was in the act of alighting therefrom, and before he had a reasonable opportunity to do so, the car started suddenly, and plaintiff was thrown to the ground and sustained the injuries complained of. At the time he was thrown, he had one foot on the car and the other "on the ground." The plaintiff was corroborated by one Fleischer, who testified that he was walking along Second street at the time of the accident; that when he reached the corner of Second street and Avenue B he noticed this car, which at the time was standing still; that he saw the plaintiff as "he was just about to get off the car," and "the car gave a sudden move and he fell down"; that he went over to the plaintiff, and assisted him to his feet, and brought him to a doctor's office; and that he gave his name and address to the plaintiff as a witness. The plaintiff's testimony was also corroborated by the witness Tillie Brown, who testified that she was walking south on the easterly side of Avenue B, and "I saw the man about to get off, and when all of a sudden the car gave a start, and it threw the man [meaning plaintiff] to the ground." She also testified that when she first saw the plaintiff "the car was standing still"; that after plaintiff fell she went over to where he lay, inquired as to whether he was hurt, and that she gave her name and address to the plaintiff; and that, after the accident, the car proceeded on its way and "ran right off." She also testified thus:

"Q. IIow was he getting off this car when you saw him? A. IIe had one foot off, when all of a sudden the car gave a quick start and threw him to the ground."

The plaintiff also proved the extent of his injuries by the testimony of Dr. Bernfeld, who made an X-ray examination of plaintiff immediately after the accident, and who testified that he found the plaintiff suffering from a dislocated thumb and contusions on various parts of his body. He also testified as to the reasonable value of his services.

"In an action for personal injuries, after plaintiff has proved that the accident was caused by a sudden movement of the car, from which she was alighting, it is incumbent on defendant to prove that it was not responsible for the happening of that movement." Martin v. Railroad Co., 38 N. Y. Supp. 220, 3 App. Div. 448; Harris v. Union Ry. Co., 74 N. Y. Supp. 1012, 69 App. Div. 385. In the case at bar plaintiff established prima facie that he was free from contributory negligence, and that the defendant was negligent in starting the car as it did, and the court below, in dismissing the complaint and refusing to submit the question of negligence to the jury, fell into error.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.