(72 Misc. Rep. 391.)

## FAHA v. WYNKOOP, HALLENBECK & CRAWFORD CO.

(Supreme Court, Appellate Term. June 29, 1911.)

MASTER AND SERVANT (§ 238*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

An employé, who had leaned against a wall forms of type removed from presses, raised two other forms to a perpendicular position and proceeded to attach tags to his own forms. While so engaged, the two forms which were leaning against his body overbalanced, and they fell over on him, carrying him down to the floor and injuring him. *Held*, that he was guilty, as a matter of law, of active contributory negligence, and Labor Law (Consol. Laws 1909, c. 31) § 202, providing that the issue of contributory negligence is one of fact, was inapplicable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 743–748; Dec. Dig. § 238.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank Faha against the Wynkoop, Hallenbeck & Crawford Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Bertrand L. Pettigrew, for appellant.

Benjamin Patterson, for respondent.

GUY, J. The plaintiff was in the employ of the defendant as an assistant pressman. Among other things, it was his duty to take forms

of type from the presses of the defendant and by means of a truck remove them to the washroom. On the day of the accident the plaintiff removed certain forms of type from the presses and took them to the washroom, where he leaned them up against the wall, where there were about 20 of such forms. While the plaintiff was at lunch, two more forms were placed against those which he had already put in the washroom. In order to place tags on the forms which he had placed there, it was necessary for him to raise the two forms which had been placed on his. The plaintiff's counsel admits in his brief:

"Having raised these forms to a perpendicular, he rested or leaned them outward away from his own forms and the wall against his body, and then proceeded with his hands to attach tags to his own forms. In doing so, and while so engaged, the forms which were leaning against his body overbalanced, and, the weight being too great for him to sustain, they fell over upon him, carrying him down to the floor, breaking his leg, and otherwise permanently injuring him."

It is evident that the injuries suffered by the plaintiff were caused by his own negligent act; he himself participating in the very act which caused the accident. There was no latent or hidden danger, which was known to the employer and unknown to the employé. The danger created was the result of his own act, and resulted from the manner in which he performed his work. To that form of active contributory negligence the employer's liability act (Labor Law, § 202) has no application. Chisholm v. Man. Ry. Co., 116 App. Div. 320, 322, 323, 101 N. Y. Supp. 622.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.