BROADBENT v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. MASTER AND SERVANT (§ 228*)—INJURY TO SERVANT—CONTRIBUTORY NEG-
LIGENCE—EMPLOYER'S LIABILITY ACT.

Otherwise than that Employer's Liability Act (Consol. Laws 1909, c.
31, § 202) § 3, makes the question, whether an employé's continuance in the
employment after knowledge of the conditions causing his injury amounts
to contributory negligence or assumption of risk, one of fact, subject
to the power of the court to set aside a verdict which is contrary to
the evidence—the fact that an action for injury to an employé is brought
under such act is immaterial in determining the question of contribu-
tory negligence; the act providing that an action under it can only be
maintained when the person injured was exercising due care and diligence
when injured.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
670, 671; Dec. Dig. § 228.*]

2. MASTER AND SERVANT (§ 236*)—INJURY TO SERVANT—CONTRIBUTORY NEG-
LIGENCE.

Plaintiff, injured by slipping on an inclined, smooth, and oily passage-
way, the condition of which he knew, does not show freedom from con-
tributory negligence by testimony that he was walking in the ordinary
way, at the ordinary gait; he having made no use of the handrail pro-
vided by his employer to prevent such accidents, and taken no precau-
tion to avoid slipping.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
723–742; Dec. Dig. § 236.*]

3. MASTER AND SERVANT (§ 280*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

Evidence, in an action for injury to an employé, held to show assump-
tion of risk in continuing to use a passageway with knowledge of its
condition and without adequate precaution.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
981–986; Dec. Dig. § 280.*].

Appeal from Trial Term, Rockland County.

Action by Samuel Broadbent against the New York Evening Jour-
nal Publishing Company for personal injuries. From a judgment for
plaintiff, and from an order denying a motion for a new trial on the
minutes, defendant appeals. Reversed, and new trial granted.

The action is brought under the provisions of the employer's liability act,
and the following facts are undisputed:

The defendant is the lessee of the eighth floor of the Rhinelander Building,
232–238 William street in the city of New York, where it conducts the busi-
ness of printing and publishing newspapers, employing 300 men working in
day and night shifts of 100 men each. The plaintiff at the time of
his injury had been in the defendant's employ as a proof reader for several
years. In addition to the eighth floor of the Rhinelander Building, the de-
fendant occupied in its business a floor of an adjoining building, 21 inches
higher than the corresponding floor of the Rhinelander Building. A door was
cut through the wall separating the two buildings, and an inclined passage-
way, formed of narrow maple tongue and grooved boards, with a smooth
planed surface upon the upper side. On one side of this passageway was
an iron handrail. That part of the passageway within the composing room
was a little over 13 feet long, and the incline to the division wall was 21
inches. The proofroom, in which plaintiff worked, adjoined the composing
room. The passage room in its entirety was 24 feet and 6 inches long,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4 feet wide, connected the two floors, and was used by the workmen as a passage to and from the working rooms in the Rhinelander Building to the toilet and lavatory in the adjoining building, and for pushing hand trucks, with iron wheels, to transfer type set in forms from the one building to the other. The floors of the adjoining rooms were frequently oiled, and the oil tracked by the shoes of the employés and wheels of the trucks over and upon the passageway floor to such an extent that it had been greasy and slippery for years. This condition of the passageway is shown to have been known to all of the defendant's employés, and the plaintiff does not deny that he was familiar with it. Some employés had slipped and fallen on the passageway floor, and in one or two instances, had saved themselves from falling by grasping the handrail. On August 9, 1910, the plaintiff passed from the room in which he worked, through the passageway to the toilet. On his return he slipped on the floor of this passageway at a point within the composing room about five feet from the commencement of the incline, and received the injuries for which he has recovered.

At the close of the plaintiff's case and again at the close of the evidence, the defendant moved to dismiss the complaint upon the grounds "that the plaintiff has failed to prove facts sufficient to constitute a cause of action, and upon the further ground that the plaintiff has failed to prove that he was in the exercise of due care at the time the accident happened; and upon the further ground that it affirmatively appears that the plaintiff's negligence contributed to the accident; and upon the further ground that the condition of the passageway mentioned in the testimony was known to the plaintiff; that the plaintiff knew that the passageway was built upon an incline, and that it was smooth and greasy, and that in continuing to use it and going up and down on it he assumed the obvious risks of the business." Counsel also moved for a new trial on the minutes upon the ground, among others, that the verdict was contrary to the evidence. These motions were denied and exceptions duly taken. The plaintiff admitted that he knew how this passageway was constructed; that it had been traveled daily by scores of employés, including himself, walking and pushing the hand trucks over it; that it was oily; and that there was a handrail on its side for the use of those passing over it.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

M. De Witt (C. J. Shearn, on the brief), for appellant.
Frank Comesky, for respondent.

RICH, J. It is impossible to avoid the conclusion that the plaintiff knew of the smooth and slippery condition of the passageway upon which he fell. It is established by the testimony of his own witnesses that the condition he complains of had existed for years; that there were no hidden defects, but merely the smooth, slippery surface of the floor caused by tracking of oil by defendant's employés, which was perfectly obvious to the most ordinary observer.

[1] The fact that the action is brought under the employer's liability act is of no materiality in determining the question of plaintiff's contributory negligence. That statute does not relieve an injured person from the exercise of proper care. It provides that an action under its provisions can only be maintained when the person injured is exercising due care and diligence at the time of his injury. The modification of the doctrine of contributory negligence provided by section 3 of the statute relates only to the question as to whether the employé's continuance in the employment after knowledge of the conditions causing the injury amounts to contributory negligence of itself,

which is made one of fact subject to the power of the court to set aside a verdict which is contrary to the evidence. Kennedy v. New York Telephone Co., 125 App. Div. 846, 110 N. Y. Supp. 887; Roche v. India Rubber Co., 115 App. Div. 582, 100 N. Y. Supp. 1009; Wilson v. New York Mills, 107 App. Div. 99, 94 N. Y. Supp. 1090; Chisholm v. Manhattan Railway Co., 116 App. Div. 320, 101 N. Y. Supp. 622; Lester v. Crabtree, 125 App. Div. 617, 110 N. Y. Supp. 617; Faha v. Wynkoop, etc., Co., 130 N. Y. Supp. 184.

[2] It was incumbent upon the plaintiff, before he was entitled to recover, to establish affirmatively that, at the time of the accident, he was using "due care and diligence." In other words, was free from contributory negligence. The only evidence he gave on this subject was: "I was walking in the ordinary way, at the ordinary gait." This does not meet the legal requirement. With full knowledge of the condition of the passageway, he made no use of the handrail provided by the defendant for the use of its employés to prevent just such accidents, and took no precaution to avoid slipping. He failed to exercise a degree of care commensurate with the condition he knew to exist, and the complaint should have been dismissed at the close of the evidence. Bauer v. Empire State Dairy Co., 115 App. Div. 71, 100 N. Y. Supp. 663, affirmed without opinion 191 N. Y. 547, 85 N. E. 1106; Lofsten v. Brooklyn Heights R. R. Co., 184 N. Y. 148, 76 N. E. 1035; McCarthy v. Emerson, 77 App. Div. 562, 79 N. Y. Supp. 180; Foster v. N. Y. C. R. R. Co., 2 How. Prac. (N. S.) 416; Leinkauf v. Lombard, 137 N. Y. 417, 425, 426, 33 N. E. 472, 20 L. R. A. 48, 33 Am. St. Rep. 743.

[3] While the employer's liability act makes the question of assumption of risk, and whether plaintiff's continuance in employment with knowledge of the conditions resulting in his injury amounts to contributory negligence, questions of fact in the first instance to be submitted to the jury, the verdict rendered is subject to the usual power of the court to set it aside if it be contrary to the evidence.

The plaintiff's contributory negligence was established, and the evidence shows that he assumed the risk of injury in continuing to use the passageway with knowledge of its condition and without adequate precaution. Welch v. Waterbury & Co., 136 App. Div. 315, 120 N. Y. Supp. 1059; Kline v. Abraham, 178 N. Y. 377, 70 N. E. 923; Dorney v. O'Neill, 34 App. Div. 497, 54 N. Y. Supp. 235; Vaughn v. Glenn's Falls Cement Co., 105 App. Div. 136, 93 N. Y. Supp. 979; Kiernan v. Eidlitz, 115 App. Div. 141, 100 N. Y. Supp. 731.

The jury rendered their verdict for the plaintiff against the plain weight of the evidence, and it was error upon the part of the learned trial justice to refuse to grant the defendant's motion to set aside the verdict, and it follows that the judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.