Order modified.

---

Agnes Frawley, Respondent, *v.* New York, Ontario and Western Railway Company, appellant.

(County Court, Oswego County, October, 1915.)

**Negligence— contributory — action for personal injuries — appeal.**

Where, in an action to recover for personal injuries, plaintiff, a passenger on defendant's railway car, recovered a verdict, and the evidence tends to establish that a lever used in operating a coupling was bent or misplaced so that it projected between the steps of the car, and that as plaintiff was alighting, after the car which was equipped with hand-rails on both sides of the steps.had·fully.stopped, her skirt caught on the end of the lever, of..which she had.no knowledge, throwing her to the ground and injuring her, and on cross-examination she admits that she was

carrying several packages and did not take hold of the hand-rail in alighting, the judgment entered on the verdict and an order denying defendant's motion for a new trial on the minutes, made upon the ground that plaintiff's failure to take hold of the hand-rail was contributory negligence as a matter of law, will be affirmed.

APPEAL by the defendant from a judgment of the City Court of the city of Fulton, entered upon a verdict in favor of the plaintiff and from an order denying the motion for a new trial made upon the minutes.

P. W. Cullinan, for appellant.

Thomas L. McKay, for respondent.

COVILLE, J.   The plaintiff has recovered a judgment for injuries sustained by her while alighting from defendant's passenger coach in the city of Fulton.   The evidence introduced in her behalf tended to establish the fact that a lever used in operating a coupling was bent or misplaced so that it projected between the steps of the car and that while the plaintiff was alighting from the car after it had fully stopped her skirt caught upon the end of this lever throwing her to the ground and causing the injuries for which recovery was had in this action.

No question is raised as to the submission of the defendant's negligence to the jury, but the appellant claims that the plaintiff should have been nonsuited by reason of her own contributory negligence.   It appears that the passenger coach was equipped with the usual hand-rails on both sides of the steps and the plaintiff admitted upon her cross-examination that she was carrying several packages and did not take hold of the hand-rail in alighting or attempting to do so. The appellant contends that her failure to take hold of the hand-rail was contributory negligence as a matter

of law. The appellant relies principally upon the case of *Broadbent* v. *New York Evening Journal Publishing Co.*, 147 App. Div. 133. In that case, however, the passageway was slippery and dangerous, which fact was known to the plaintiff and as the court said: " With full knowledge of the condition of the passageway, he made no use of the handrail provided by the defendant  *  *  *  to prevent just such accidents, and took no precaution to avoid slipping. He failed to exercise a degree of care commensurate with the condition he knew to exist.''

In the case at bar, the plaintiff had no knowledge of the misplaced lever and did not know of the existence of any danger.

In *Martin* v. *Second Avenue Railroad Company*, 3 App. Div. 448, it is held that it is not negligence, as a matter of law, for a person to get off a street car which is perfectly still and which has stopped for the purpose of discharging passengers without taking hold of the hand-rail. In this, as in kindred cases, the accident was caused by the sudden starting of the car, but the same rule would reasonably apply where the accident was due to any other negligent act of the defendant. A passenger who without negligence stands upon the platform or step of a moving street surface car assumes the risk incident to the operation of the car in the customary and ordinary way, such as the movements attendant upon the starting and stopping and passing over the curves and the jolting and rocking of the car, but does not assume those which are exceptional or which spring from the negligence of the railway company. *Ward* v. *International R. Co.*, 206 N. Y. 83.

.. While this case is not similar to the one under discussion, yet the reasoning is applicable. The plaintiff who was a passenger and properly on the steps of the

car assumed only those risks which she might reasonably expect and foresee. She did not know of the lever projecting over the step and was not, as a matter of law, negligent in failing to take hold of the hand-rail, even, if by doing so, she might have escaped the consequences of the hidden dangers caused by the defendant's negligence.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs.