PER CURIAM. [1] The action is for work, labor, and services, and the only witness called by plaintiff testified that he was unable to say whether there was an agreed price fixed for the work in question, but gave the reasonable value thereof. The doing of the work having been conceded, the defendants proved that the agreed price was fixed by the plaintiff's Mr. Siegel, and all bills prior to the one sued upon had been adjusted upon that basis. This testimony was corroborated by the bills for such former work and the checks in payment of same, and fully sustained the defense of agreed price. On that issue the plaintiff was entitled to recover the sum of $35.30, instead of $71.33 claimed, and that we think should have been the judgment of the court upon the whole issue.

[2] As to the counterclaim pleaded, it was not, in our opinion, sustained by that strong and convincing kind of proof required. It was simply the story of one of the defendants as against that of plaintiff's manager, and it was fairly resolved by the learned court in favor of plaintiff.

Judgment reversed, and new trial granted, with $30 costs to appellants to abide the event, unless respondent stipulates to reduce the judgment to $35.30, with appropriate costs in the court below, in which event the judgment, as modified, is affirmed, without costs to either party.

---

### FRANCIS v. HOFFMAN.

(Supreme Court, Appellate Term, First Department.   March 13, 1916.)

LANDLORD AND TENANT ⊙═169(6)—INJURY TO TENANT—NEGLIGENCE.

Plaintiff tenant, familiar with a stairway and knowing of the existence of a hand rail, but who did not use it, and who did not explain the cause of his falling, except that his foot slipped, or he made a misstep, as descending, or show that the slip was caused by any defect in the stairway, or was attributable to the absence of light, or his own freedom from contributory negligence, had no cause of action against the defendant landlord for negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 645, 665, 683; Dec. Dig. ⊙═169(6).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Herbert H. Francis against Emilie Hoffman. From a judgment for the plaintiff for the sum of $88, rendered by the court without a jury, defendant appeals. Reversed, and judgment entered dismissing the complaint.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Stern, Barr & Tyler, of New York City (Henry C. Moses, of New York City, of counsel), for appellant.

Isidor H. Taylor, of New York City, for respondent.

WEEKS, J. No explanation was given as to the cause of plaintiff's fall, except that his foot slipped, or he made a misstep on the

stairway, as he was descending. There was no evidence that the slipping was caused by any defect in the stairway, or that the accident was attributable to the absence of a light.

Plaintiff was familiar with the stairway, and knew of the existence of a handrail, but did not use it. There was no proof of freedom from contributory negligence, and the motion to dismiss the complaint at the close of plaintiff's case should have been granted. Schindler v. Welz & Zerweck, 145 App. Div. 532, 130 N. Y. Supp. 344; Broadbent v. N. Y. Evening Journal Pub. Co., 147 App. Div. 133, 131 N. Y. Supp. 780.

The judgment appealed from should be reversed, with $30 costs, and judgment entered dismissing the complaint, with costs. All concur.

---

## SMITH v. RUSSELL et al.

(Supreme Court, Appellate Division, Third Department. March 8, 1916.)

1. MASTER AND SERVANT ⬳321—INJURY TO SERVANT OF INDEPENDENT CONTRACTOR—SAFE PLACE.

The owner of premises under construction, who agreed himself to furnish, and place in the walls, all door and window frames, and to furnish floor and ceiling joists, was not liable to the employé of the contractor for the outside walls for injuries through the collapse of the floor joists, properly installed by the owner, on which the employing contractor had piled concrete blocks for the outside walls, an unreasonable use of the floors, instead of erecting outside scaffolding, since the owner's agreement did not cover the furnishing of scaffolding for the construction of the outside walls.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. ⬳321.]

2. MASTER AND SERVANT ⬳321—INJURY TO SERVANT OF INDEPENDENT CONTRACTOR—DUTY OF OWNER.

The mere fact that the owner of a building under construction, who agreed to place floor joists himself, made no objection to the contractor for the outside walls using the floor to support cement blocks for such walls, did not impose upon such owner the obligations fixed by Labor Law (Consol. Laws, c. 31) § 18, touching the erection of scaffolding.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. ⬳321.]

3. MASTER AND SERVANT ⬳286(17), 332(3)—OBLIGATION OF OWNER OF PREMISES—REASONABLENESS OF USE OF FLOORS—QUESTION FOR JURY.

In an action for personal injuries by an employé against his employer, contractor for the outside walls of a building, and against the owner thereof, who had agreed to lay floor joists, such injuries having been occasioned by the collapse of the floors when the employing contractor piled on them cement blocks for the outside walls, the question of the reasonableness of such use of the floor, determining the owner's liability, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1024, 1276; Dec. Dig. ⬳286(17), 332(3).]

4. MASTER AND SERVANT ⬳116(1)—INJURY TO SERVANT—LIABILITY OF MASTER.

The contractor for the erection of the outside walls of a building was liable for injuries to his servant, occasioned by the collapse of the floor