EVA C. SIEGEL, Respondent, *v.* MAX BALIK, Appellant.

First Department, July 6, 1926.

Landlord and tenant — action by tenant to recover for injuries suffered when she caught heel of her shoe in protruding nail on stairs, and fell — plaintiff knew that nail was protruding — plaintiff bound to exercise greater care than if she had no knowledge of protruding nail — evidence is insufficient to show that plaintiff exercised proper care.

In this action to recover damages suffered, by the plaintiff, a tenant of the defendant, which was based on the alleged negligence of the defendant in permitting nails to protrude from the steps of stairs in the building, it appears that the plaintiff knew of the existence of the protruding nails and had informed the janitress of the building thereof, and that as she was walking down the stairs she caught her heel on one of the nails and fell. Since the plaintiff knew of the existence of the protruding nail, she was called upon to exercise a greater degree of care than would have been necessary if she had not that knowledge.

The evidence does not show that the plaintiff exercised any care in walking down the stairs, and, therefore, she has not sustained the burden of proof in establishing her freedom from contributory negligence.

APPEAL by the defendant, Max Balik, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of October, 1925, upon the verdict of a jury for $650, and also from an order entered in said clerk's office on the 20th day of October, 1925, denying defendant's motion for a new trial made upon the minutes.

*William B. Shelton* of counsel [*William Dike Reed*, attorney], for the appellant.

*Leon Kronfeld* of counsel, for the respondent.

MERRELL, J. The plaintiff, a practical nurse, had, for many years, occupied a seven-room apartment on the fifth floor of an apartment house at 11 East One Hundred and Nineteenth street in the borough of Manhattan, New York city. The defendant was the owner of the property on the date the plaintiff sustained the injuries in falling upon the stairway in said apartment house leading from her apartment to the floor below. This stairway was in two sections, with a landing between. The plaintiff testified that about two weeks before her accident a carpet, which had been upon the stairs, was removed, and that three or four nails were

left protruding from a quarter to a half an inch upon the top step of the lower section of the stairs leading from her apartment to the floor beneath, and that in going downstairs in the morning of April 22, 1922, to keep an appointment which she had with her physician, the heel of her right foot caught upon the protruding nails and she was thrown forward upon her face and received the injuries for which she sues. The plaintiff was corroborated as to the nails protruding from the step by her daughter. The plaintiff testifies that two weeks before the accident occurred she told the janitress of the building, an old lady seventy-five years of age, about the protruding nails, and that the janitress had better take them out, and that the janitress told her that she could not be bothered because her husband, a very old man, was sick and " on his dying bed." Plaintiff's daughter also testified that she told the janitress in regard to the nails about two weeks prior to the accident. The existence of the nails was disputed by the defendant, but the question of fact in this respect was submitted to the jury, and the defendant concedes he is bound by the jury's verdict. The jury returned a verdict in favor of the plaintiff and against the defendant for $650, and it is not claimed by the defendant that such verdict was excessive.

The only ground upon which a reversal of the judgment appealed from is asked is that there was no evidence given upon the trial as to the care exercised by the plaintiff in descending the stairs at the time she was injured, with knowledge on her part of the existence of the protruding nails. The plaintiff testified that after she fell she finally regained her feet and by holding onto the banister went downstairs; that when she reached the street she called a taxi and went to the office of her physician, where she received treatment for the injuries resulting from her fall.

In her complaint the plaintiff alleges that " while carefully proceeding along said hallway and said staircase from her said apartment to the street, without fault or negligence on her part and solely owing to the aforesaid negligence of the defendant in permitting nails to protrude from the steps, tripped on said defective stairs and fell down one of the stairways." And, later on, that the occurrence and injuries resulting therefrom were due solely to the carelessness and negligence of the defendant, his agent and servant, " and was not due to any fault on the part of the plaintiff." The question presented upon this appeal is as to whether any sufficient evidence was given by the plaintiff that she, at the time of sustaining her injuries, was in the exercise of due care. The plaintiff testified as follows: "I had an appointment with Dr. Moran to be at his office at 9:30. I had a little cold on my

First Department, July, 1926.    [Vol. 217

chest, and going down, opening the door and going down my stairs, there is two flights — two half flights, and I walked down the first flight all right, and then on the second flight, there was a few nails on the stairs, and I caught a nail in my heel and I fell over right on my face. I was there about five or ten minutes, sitting there, I could not move and then I tried to get up, and holding on to the banister, I went downstairs." This was the only evidence in the case as to the manner in which the plaintiff descended the stairs, and as to the care which she exercised. No testimony was given that the plaintiff, in descending the stairway, which she knew to be dangerous by reason of the protruding nails, either walked carefully or that she placed her hands upon the banister which was at the right-hand side of the stairway as she descended. In fact, there is no evidence whatever in support of the allegation of the plaintiff's complaint that she was carefully descending the stairs at the time she fell.

I am of the opinion that the plaintiff's proofs were insufficient to justify a submission to the jury of the question of the absence of contributory negligence on plaintiff's part. All that plaintiff testifies upon the subject is that she " walked down the first flight all right," and that then, on the second flight, she caught a nail in her heel and fell over upon her face. The plaintiff knew of the existence of the protruding nails and was required to use a greater degree of care than had she been ignorant of their existence. As showing the exercise of care on the part of the plaintiff, the case is much weaker than that of *Broadbent* v. *N. Y. Evening Journal Pub. Co.* (147 App. Div. 133), where the court said (at p. 136): " It was incumbent upon the plaintiff, before he was entitled to recover, to establish affirmatively that, at the time of the accident, he was using ' due care and diligence.' In other words, was free from contributory negligence. The only evidence he gave on this subject was: ' I was walking in the ordinary way; at the ordinary gait.' This does not meet the legal requirement. With full knowledge of the condition of the passageway, he made no use of the handrail provided by the defendant for the use of its employees to prevent just such accidents, and took no precaution to avoid slipping. He failed to exercise a degree of care commensurate with the condition he knew to exist, and the complaint should have been dismissed at the close of the evidence; " and is much weaker than the case of *Schindler* v. *Welz & Zerweck* (145 App. Div. 532), in which it was said (at p. 534): " Moreover, the plaintiff failed to prove such care upon the part of his wife as justified a submission of the question of contributory negligence to the jury. * * * Her evidence is that she walked along the

hallway, ' usually the way I am going   *   *   *   slow, my usual way of going, not running.' Although it is not contributory negligence as matter of law [cases cited] to use a stairway without first providing one's self with a light, yet there must be proof that such use was with due care under the circumstances. The nature thereof is expressed in *Kenney* v. *Rhinelander* (28 App. Div. 246) as ' great care.' But there is no evidence whatever as to the manner in which the wife essayed to descend." (See, also, *Hicks* v. *Smith,* 158 App. Div. 299; *Peil* v. *Reinhart,* 127 N. Y. 381, 384.) The decisions are quite uniform in holding that where a person knows of a dangerous condition in a place where she is required to go, it is necessary for her to exercise much greater care than as though she was unaware of the dangerous condition.

At the close of the plaintiff's case, counsel for the defendant moved for a dismissal of the complaint upon the ground that there had been no proof of any lack of contributory negligence on the part of the plaintiff in the way and manner in which she went down the stairway at the time in question. This motion the court denied, and an exception was duly taken by counsel for the defendant. We think the court erred in denying the defendant's motion for dismissal of the complaint. From any evidence presented to it, the jury could only speculate as to what care the plaintiff was exercising in descending the stairway, and the verdict in plaintiff's favor, which could only be predicated upon the fact that when injured the plaintiff was in the exercise of due care, was wholly without evidence to support it.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

CLARKE, P. J., DOWLING, McAVOY and WAGNER, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.