WALTER J. BECKWITH
vs.
MARY E. CARNEY, ET AL.

Superior Court    New Haven County    File #46630

Present:  Hon. EDWIN C. DICKENSON, Judge.

S. T. Whitaker,        Attorney for the Plaintiff.

Joseph Shelnitz,        Attorney for the Defendant.

## MEMORANDUM FILED DECEMBER 9, 1935.

DICKENSON, J. The plaintiff rented a garage of the defendants. Access to it was had over a concrete driveway leading from the street. On Sunday, December 30, 1934, shortly before one o'clock P.M. the plaintiff, a druggist, went to get his car to drive to work. There had been an ice-storm the day before and a thin layer of ice covered streets and walks. This was seen by the plaintiff as he left his house. He crossed the street, entered the driveway and proceeded along the edge of this to the garage. As appears by the photographs in evidence the garage consisted of several com-partments. All of these were rented out at the time by the defendants. The driveway was a common entrance to all.

The plaintiff "picked" his way to his compartment, which was on the end of the building and at the foot of the drive-way; opened the doors, backed his car out in a half circle and headed it toward the street so that it was at a slight angle with the entrance to his garage and its rear end a few feet from it. He then got out, closed the garage doors, walked toward his car and when he was abreast of the rear end slipped, fell and fractured his hip. It appears he was aware of the danger and was walking carefully in an attempt to avoid slipping. It is found he was in the exercise of reas-onable care.

There is a sharp dispute as to whether the driveway was sanded, the defendants contending that as early as nine o'clock in the morning one of them did sand it. They further state, however, that this defendant was carrying sand from the cellar at the time of the accident and it appears from the testimony of plaintiff's witnesses, who went to his assistance, as well as the plaintiff himself, that the driveway, was glare ice. That he in fact slipped is some support for his con-tention. The indication is that the "stable was locked after the horse was stolen"; that the fall was the occasion of the sanding. It is found the driveway was not sanded at the time of the fall.

The defendants further contend that even if this was so they owed no duty to take measures to protect users of the garage from the icy conditions, claiming a distinction between such a use and that of a sidewalk for pedestrians. Before examining the law as to this it is well to note two significant facts in the instant case. The first is that the defendants had assumed to do and on previous occasions had done just what they are charged with having failed to do on this occasion— sand the driveway and the concrete in front of the garages.

**Aprile vs. Colonial Trust Co., 118 Conn., 574-580.**

Again, the driveway was used as a footway for tenants going to and from the garages as the defendants must have known.

As to the two cases cited in support of their claim, **Dwyer vs. Woodland, 199 N.Y.S. 840, is a case where there was no walk** to a rear building used by tenants and the duty of the landlord was compared to that of a municipality in regard to its sidewalks. The judgment for the defendants was directed on the ground that the ice was caused by freezing of drainage water, a condition existing when the tenant took the premises.

The other case, **Siegal vs. Balik, 217 N.Y.S., 119,** has to do with contributory negligence and is simply authority for the universally accepted rule that one aware of a dangerous condition is required to use care commensurate with it.

**Reardon vs. Shimmelman, 102 Conn., 383, 386, 389,** lays down the general rule that "the landlord who rents apartments in his building to various tenants, reserving control of the common approaches, is obliged to use reasonable care to keep those approaches reasonably safe for the use of the tenants," and follows it with a statement that "a right to ingress and egress . . . . is a part of that for the use of which he (the landlord) is paid." And see **Hurlburt vs. Sherman, 116 Conn., at 106.**

Whatever distinction there may be between the duty of a landlord in relation to the ordinary foot-pathway and a driveway such as this would seem to lie in the degree of care rather than obligation. It might be, by way of illustration, there would be no duty to sand so that vehicles would not slip or skid but protection for the tenant in entering or leaving his compartment afoot, would seem to come under the general rule above noted.

As to notice, by the weather reports it appears there was "100% sunshine" on the day of the accident, the defendants had actual knowledge of the icy condition early in the morning and had not provided against it at one o'clock in the afternoon.

It is found they were negligent as alleged and their negligence caused the plaintiff's fall.

He suffered an unusually severe fracture. Proper union could only be had by means of an operation in which the broken bones were joined by a plate. His expenses were about $1800., and he has a permanent impairment estimated at 15%.

Judgment is directed for the plaintiff to recover $7,000 damages.