[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FIRST SPECIAL DEFENSE
This is an action under the Dram Shop Act, Gen. Stats.30-102, in which plaintiff passenger claims damages for personal injuries sustained in a motor vehicle accident caused by the negligence of the operator, who allegedly was served alcoholic beverages by the defendant restaurant while he was already intoxicated. Defendant, in its first special defense, claims that plaintiff participated with the operator in the consumption of alcoholic beverages and plaintiff has moved strike on the ground that "participation" is not an adequate defense in a dram shop action. CT Page 10010
The Connecticut appellate courts have yet to address whether participation may be plead as a special defense to an action brought under the Dram Shop Act, Gen. Stats. 30-102. The Superior Court decisions are split as to whether participation is available as a special defense
A majority of the decisions have allowed the participation defense, reasoning that the Dram Shop Act is primarily remedial in nature and is intended to limit recovery to innocent third party victims. "Section 30-102 protects only innocent parties, not those who have participated in, encouraged, and/or facilitated the drinking episode." Gelosa v. Sagan,1 Conn. L. Rptr. 141 (January 3, 1990, Mulchay, J.) See also Barney v. Russell, et al, 14 CLT 30, (Aug. 1, 1988); Hoffman v. Reed,3 CSCR 172, (Jan. 6, 1988), Chacho v. Darst, 1 CSCR 122; (Jan. 31, 1986).
Those courts which have not permitted the use of the participation defense have reasoned that the protection of the Dram Shop Act is not limited to innocent third parties but rather is intended to protect the public in general.
 The purpose of the statute is to protect the public at large from tortious conduct committed by an intoxicated person who was served intoxicating liquor by a tavern owner while in an intoxicating state . . . A third party who accompanies an intoxicated driver is a member of the public at large and is a protected party within the purview of the statute. To hold otherwise would be to thwart the purpose of the statute. Courts may not, by construction, read into a statute provisions not clearly expressed therein.
Passini v. Decker, 39 Conn. Sup. 20, 23 (1983).
We associate ourselves with the line of majority decisions not only for the reasons therein stated, but because we believe that a third party who participates in the consumption of alcohol has a moral imperative to control the drinking of the intoxicated party, not only to protect himself from harm in the event that he becomes a passenger, but to protect the public at large. A party who fails to take any steps to control such excess drinking should not fall within the definition of the "public at large" which the statute seeks to protect.
Motion to strike denied.
Wagner, J.